UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| vs. | § § | NO.  3:15-cr-11 |
| DENNIS PATRICK MEEHAN HUGHES | § | |

## UNITED STATES OPPOSITION TO DEFENDANT'S MOTION TO WITHDRAW HIS GUILTY PLEA

The United States of America, by and through Kenneth Magidson, United States Attorney, Sherri L. Zack, Assistant U.S. Attorney, requests the Court to deny the Defendant's Motion to Withdraw His Plea Due to Decisions that, if Followed, Would Require Suppression of the Evidence Against Him and would state as follows:

I.

There is no absolute right for a defendant to withdraw a plea." *United States v. Urias-Marrufo*, 744 F.3d 361, 364 (5th Cir. 2014) (citing *United States v. Lampazianie*, 251 F.3d 519, 523-24 (5th Cir. 2001)); *United States v. Elhaney*, 469 F.3d 382, 385 (5th Cir. 2006). Under Fed.R.Crim.P. 11(d)(2)(B), the district court may permit a defendant to withdraw his guilty plea after it has accepted it but prior

to sentencing upon a showing of a "fair and just reason for requesting the withdrawal." *Id*. *United States v. Gray*, 717 F.3d 450, 451 (5th Cir. 2013). This Court's discretion in making this determination is broad, *United States v. Carr,* 740 F.2d 339, 343-44 (5th Cir. 1984), and the Court evaluates the totality of the circumstances employing the non-exclusive seven-factor *Carr* test:

> 1) whether or not the defendant has asserted his innocence; (2) whether or not the government would suffer prejudice if the withdrawal motion were granted; (3) whether or not the defendant has delayed in filing his withdrawal motion; (4) whether or not the withdrawal would substantially inconvenience the court; (5) whether or not close assistance of counsel was available; (6) whether or not the original plea was knowing and voluntary; and (7) whether or not the withdrawal would waste judicial resources...

*Urias-Marrufo*, 744 F.3d at 364. The Court "is not required to make findings as to each individual factor," and no single factor or combination of factors mandates a particular result. *United States v. McKnight*, 570 F.3d 641, 646-47 (5th Cir. 2009); *United States v. Badger*, 925 F.3d 101, 104 (5th Cir. 1991). The burden of establishing a fair and just reason for withdrawing a guilty plea rests with the defendant. *Id.* at 104 (citing *United States v. Brewster,* 137 F.3d 853, 858 (5th Cir. 1998)); *see Carr*, 740 F.3d at 344 ("the defendant has the

2

burden of proving the withdrawal is justified"). The Defendant does not meet this burden as his grounds for withdrawing his plea presuppose that this Court would rule in conformity with one district court in Massachusetts and in opposition to the four district courts (from four different circuits) that have denied the suppression of the evidence in question.

## II.

On June 30, 2015, Hughes was charged by Grand Jury Indictment with Receipt of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(B) and (b)(1) (Count One), Access with Intent to View Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2) (Count Two), and Possession of Child Pornography, in violation of U.S.C. §§ 2252A(a)(5)(B) and (b)(2) (Count Three) (Doc. 16). Hughes pleaded guilty to these counts on March 22, 2016, without a plea agreement.

In *United States v. Smith*, the Eighth Circuit held that "[t]he defendant bears the burden of proving why one of the recognized justifications should permit a withdrawal of what he had solemnly made under oath." 422 F.3d 715, 723-24 (8th Cir. 2005) (internal

citations omitted). Hughes entered an unconditional plea of guilty to Counts One, Two, and Three in the Indictment on March 22, 2016, and his plea of guilty constitutes a solemn declaration of each element of the charged offenses beyond a reasonable doubt. *United States v. Broce,* 488 U.S. 563, 570 (1989). In his motion, Hughes makes no claim of actual innocence and provides no evidence to support any assertion of innocence. "Bald assertion[s], without more, do[ ] not justify withdrawal." *United States v. Puckett,* 505 F.3d 377, 383 (5th Cir. 2007). *See United States v. London,* 568 F.3d 553, 563 (5th Cir. 2009) (holding district court did not abuse its discretion in denying defendant's motion to withdraw guilty plea; finding that, although defendant asserted his innocence, the assertion was unconvincing, especially where [defendant] makes no effort to discuss the knowing and voluntary nature of his plea); *United States v. Bond*, 87 F.3d 695, 701 (5th Cir. 1996) ("Bond has asserted his actual innocence, but under *Carr*, this factor is insufficient on its own in the total absence of evidence to support the assertion, since a contrary rule would grant the defendant an unappropriate ability to reverse his decision to plead guilty.").

Rather than asserting actual innocence, Hughes asserts "legal innocence," which he describes as meaning that the government cannot prove its case through competent legally-obtained evidence; that the "only evidence linking [him] to the charges again him flows from the Virginia magistrate's warrant, which was invalid." Doc. 44, p. 7. Hughes' argument is that, based on a recent court decisions in Massachusetts on April 20, 2016, and in Oklahoma on April 25, 2016, finding the Virginia magistrate judge's warrant is invalid and in violation of Fed. R. Crim. P. 41(b)(2) and (b)(4), and that "the suppression issue is likely dispositive in this case." "The good faith, credibility and weight of a defendant's assertions in support of [a motion to withdraw] are issues for the trial court to decide." *United States v. Millender,* ___ F.App'x ___, No. 15-10024, 2015 WL 7750663, at *3 (11th Cir. Dec. 2, 2015) (citing *United States v. Buckles,* 843 F.2d 469, 472 (11th Cir. 1988). Hughes' position in his motion is "that he could not have reasonably anticipated that court's would have found the Virginia warrant invalid or suppress the evidence flowing from it," Doc. 44, p. 2, until after his plea when two other district courts reached an opposite decision. *See United States v. Levin,* 2016 2015 WL 1589824

(D. Mass. April 20, 2016), *opin. superseded,* ___ F.Supp. 3d ___, 2016 WL 2596010 (D. Mass. May 5, 2015); *United States v. Arterbury,* 15-cr-182 (N.D. Okl. Apr. 25, 2016) (report and recommendation of magistrate judge).

Evaluated in the context of the fifth and sixth factors under the *Carr* test, "close assistance of counsel" and "knowing and voluntary nature of Hughes' original plea", Hughes' motion suggests and appears to indicate on its face that he knew of the decisions that would weigh against a motion to suppress and in light of those decisions chose to enter a guilty plea to resolve the case against him. Hughes and his counsel were aware that issues concerning the validity of the Virginia magistrate judge's warrant was litigated in federal courts, and resolved in favor of the government, before he entered his plea. *See* Doc. 44, p. 2, "While undersigned and Hughes were aware of this lack of supporting cases law, they obviously did not have the benefit of considering the post-plea change in law in other courts that invalidated the Virginia warrant." Doc. 44, p. 10. True to Hughes' statement in his motion, the question of the Virginia magistrate judge's authority under Rule 41 to issue the warrant was in fact the subject matter of three district court

opinions ruling in favor of the government prior to Hughes' pleading guilty on March 22, 2016. *See United States v. Michaud*, 15-cr-05351, 2016 WL 337263 (W.D. Wash. Jan. 28, 2016) (finding violation of Rule 41(b) but suppression unwarranted because defendant was not prejudiced and FBI agents acted in good faith); *United States v. Stamper*, No. 15-cr-109 (S.D. Ohio Feb. 19, 2016) (validity of warrant addressed not suppression for a Rule 41 violation but for Fourth Amendment violation); *United States v. Epich*, 15-cr-163, 2016 WL 953269 (E.D. Wis. Mar. 14, 2016) (rejecting defendant's contention that Rule 41 was violated and finding suppression unwarranted even if it was). Moreover, on May 18, 2016, the Eastern District of Pennsylvania issued a comprehensive opinion ruling in favor of the United States. *United States v. Werdene*, ___ F.Supp.3d ___, No. 15-434, 2016 WL 3002376 (E.D. Pa. May 18, 2016). To date, there has been no intervening post-plea change in controlling law in the Fifth Circuit compelling a different outcome in this case, notwithstanding Hughes' argument to the contrary. *Cf., United States v. Mays,* 593 F.3d 603, 607 (7th Cir. 2010) (holding that district court did not abuse its discretion in concluding that the mere possibility of a change in Supreme Court

7

precedent did not constitute a fair and just reason for withdrawing a defendant's guilty plea).

Regarding the sixth *Carr* factor (that is, whether Hughes' original plea was knowing and voluntary), this Court conducted a thorough and careful Rule 11 colloquy with Hughes at re-arraignment, allowed Hughes to confer with counsel, and made numerous inquiries ensuring that Hughes entered a knowing and voluntary plea. "Suppression issues must be raised prior to the entry of a plea." *United States v. Smallwood*, 920 F.2d 1231, 1240 (5th Cir.1991). "When [Hughes] solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Hughes waived all non-jurisdictional defects and defenses by knowingly and voluntarily pleading guilty to the indictment on March 22, 2016. *United States. v. Coil*, 442 F.3d 912, 914 (5th Cir.2006) (citing *United States v. Bell*, 966 F.2d 914, 915 (5th Cir.1992)).

Whether viewed as in effect or as in substance, Hughes' request is to withdraw his guilty plea for the purpose of reinitiating the pretrial

proceedings, filing a pretrial motion to suppress, and presenting the legal issue(s) addressed in *United States v. Werdene,* et. al. Hughes states in his motion that the defense does not anticipate witnesses will need to be called, and that this case involves only legal issues identical to issues being raised around the country. Doc. 44, pp. 7. As noted, the suppression issues identified by Hughes in this motion were issues both decided by district court <u>before</u> he pleaded guilty and issues that were pending in other district when he pleaded, and issues which Hughes and his counsel had considered and consulted before he entered his plea of guilt.

Regarding the fourth and seventh *Carr* factors (*i.e.,* whether or not the withdrawal would substantially inconvenience the court, and whether or not the withdrawal would waste judicial resources), Hughes moves this Court to withdraw his plea with his *expressed* caveat that "will almost certainly plead again to the indictment if he loses the motion." Doc. 44, p. 7. Hughes has no absolute right to plead conditionally and reserve the right to appeal the denial of his suppression motion. *See United States v. Stevens*, 487 F.3d 232, 238 (5th Cir. 2007) ("Rule 11(a)(2)'s requirements of government consent

and court approval reflect that a defendant has no absolute right to plead conditionally. . . . 'The government and the court are free to reject.")

### III.

The Defendant's motion should be denied.  His characterization of the Massachusetts decision and the Magistrate's recommendation in Oklahoma as dramatic exaggerates the current legal landscape to an extreme.  Two decisions from varying circuits favoring his position is not a dramatic change especially in light of the recent Pennsylvania decision which brings the tally to four decisions in favor of the Government and two in favor of the defense.

For the above stated reasons, the United States respectfully requests this Court deny Defendant's motion.

                            Respectfully submitted,

                            KENNETH MAGIDSON
                            United States Attorney

                            *s/ Sherri Zack*_____
                            Sherri L. Zack
                            Assistant United States Attorney
                            (713) 567-9374

## **Certificate of Service**

I certify that on May 26, 2016, a copy of this sealed filing was provided to counsel for defendant via email.

/s/ Sherri L. Zack
Assistant United States Attorney

Neal Davis
917 Franklin Street, 6th Floor
Houston, TX 77002