UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | 3:15:cr11-01 |
| DENNIS P.M. HUGHES | § § | FILED UNDER SEAL |

### HUGHES' REPLY TO THE GOVERNMENT'S OPPOSITION TO HUGHES' MOTION TO WITHDRAW HIS GUILTY PLEA

Judge Hanks—

1. At issue here is what is fair and just. Is it fair and just to force a defendant, who *pled to the indictment* (with no benefit of the bargain) and promptly filed a motion to withdraw his plea *before the PSR was even completed*, to go through with his plea, even though the legal landscape, on a dispositive issue in his case, has drastically changed after his plea? Or is it fair and just to allow him to withdraw his plea so that he can exercise his constitutional right to challenge the evidence in light of post-plea court opinions, which could not have been reasonably foreseen to him or undersigned, supporting such a challenge? It's that simple of a question. And the answer is obvious—it's only fair and just that Hughes be allowed to withdraw his plea.

2. The defendant's burden to withdraw his plea before sentencing is relaxed. Federal Rule of Criminal Procedure 11(d)(2) only requires the defendant to merely show *"any reason* the granting of the privilege seems fair and just." The government seems to conflate the very stringent

requirement for post-sentencing plea withdrawal (only to "correct manifest injustice)" with this much lower standard. Further, this Court has broad discretion in permitting him to withdraw his plea.

3. On information and belief, undersigned is aware of several defendants across the United States attempting to withdraw their pleas in light of the Massachusetts and Oklahoma cases. What Hughes is requesting is not novel or unique among those involved in the same sting operation that are awaiting sentencing. An intervening change in law is certainly a valid basis to withdraw a plea, and the government cites no cases to the contrary. *See, e.g., United States v. Ortega-Ascanio*, 376 F.3d 879, 886 (9th Cir. 2004) (holding that an intervening change in law constituted a "fair and just" reason for withdrawing a plea, even when the defendant waited nine months after the change in law to withdraw his plea). Nor does the government contest that legal innocence is a proper basis for plea withdrawal.

4. The government seems to suggest some scorecard of cases (e.g., four cases upholding the warrant and one against) is particularly relevant. Hughes is not litigating the merits of suppression at this point; he's only seeking to withdraw his plea. Further, the government's argument ignores the fact that these trial courts are ruling according to how their particular circuits have interpreted the remedy for a violation of Federal Rule of

Criminal Procedure 41(b)(2) and (b)(4). These circuits have differed in their remedial approach. Some circuits support suppression; others do not. The Fifth Circuit has not clearly or squarely addressed the issue. All indications are that a circuit split will occur and the United States Supreme Court will have to resolve the issue.[1]

    5. There are seven *Carr* factors. Hughes has addressed them at length in his motion and will not repeat them here. The government fails to address two factors—(1) whether or not the government would suffer prejudice if the withdrawal motion were granted, and (2) whether or not the defendant has delayed in filing his withdrawal motion. These indisputably weigh in Hughes' favor.

    6. The government's argument regarding the fourth factor—whether or not plea withdrawal would substantially inconvenience the court—is factually true but paints only half the picture. The government contends that Hughes has no absolute right to plead conditionally and reserve the right to appeal the denial of his suppression motion. Well, yes, that's true— but if the government really wants to deny permission for Hughes to appeal, he can certainly plead not guilty, request a bench trial, and offer to

---

[1] The government cites *United States v. Mays*, 593 F.3d 603 (7th Cir. 2010) for the proposition that the mere possibility of a change in Supreme Court precedent did not require the trial court to allow the defendant to withdraw his plea. But *Mays* is easily distinguishable. No lower courts had decided the Fourth Amendment issue favorably to Mays when he contended the Supreme Court might rule otherwise. In Hughes' case,

stipulate to all the evidence. This would of course only be required if the government denied permission for an appeal, and here it'd be the government—not Hughes—substantially inconveniencing the court.

   7. It's perplexing why the government is opposed to Hughes' plea withdrawal, given that the government has discretion here, particularly in light of the posture of Hughes' case (pre-PSR, pre-sentencing), the lack of prejudice to the government (other than having to litigate the suppression issue, which it must do anyhow in other cases in the Southern District of Texas), and the lack of any "buyer's remorse" by Hughes. While the government argues that a plea withdrawal would inconvenience the court, far more inconveniencing would be protracted post-conviction writ litigation and appeals if Hughes' plea were *not* withdrawn.

   8. In closing, imagine the very real possibility of what could occur if Hughes is forced to go through with his plea without being able to litigate the dispositive suppression issue: He's serving years in prison, away from his children and wife, and has to register as a sex offender for life, when the Fifth Circuit Court of Appeals or the Supreme Court rules the warrant involved in his case was invalid and requires suppression. Hughes could file all kinds of writs and appeals in this scenario, but he'd have difficulty winning relief because he was not allowed to withdraw his plea and

---

the Massachusetts court, and the Oklahoma court's recommendation, support his argument for suppression.

challenge the issue in the first place. This would be Kafkaesque, and far from fair and just.

Hughes therefore prays that this Court allow him to withdraw his plea to simply exercise his constitutional right to challenge the warrant involved in his case.

Respectfully submitted,

NEAL DAVIS LAW FIRM, PLLC

/s/
_____
Neal Davis

State Bar No. 24001117
Federal No. 23729
917 Franklin, 6th Floor
Houston, Texas 77002
Telephone: (713) 227-4444
Facsimile:  (800) 769-7140
Email: Neal@NealDavisLaw.com

Defendant's lawyer

## CERTIFICATE OF SERVICE

I certify that copy of Hughes' Reply has been emailed to Assistant United States Attorney Sherri Zack on May 27, 2016.

/s/

Neal Davis