Case 3:15-cr-00011   Document 66   Filed in TXSD on 08/30/16   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
August 30, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 3:15-CR-11 |
| | § | |
| DENNIS PATRICK MEEHAN HUGHES | § | |

**MEMORANDUM OPINION AND ORDER**

Defendant, Dennis Patrick Meehan Hughes, has filed a motion to withdraw his guilty plea pursuant to Federal Rule of Criminal Procedure 11(d)(2)(B). (Dkt. 44). After careful consideration of the briefing, oral argument of counsel, record, and applicable law, the Court **DENIES** the motion.

**I.    BACKGROUND**

This criminal prosecution arises from an elaborate FBI sting operation involving the seizure of a child pornography website. After seizing the website, instead of shutting it down, the FBI turned it into bait by continuing to operate the site through a government server in Virginia. The goal of this operation was to identify the site's users, who were apparently located nationwide, and then to prosecute them for receipt and possession of child pornography.

To set the hook, the government obtained a warrant from a United States magistrate judge in the Eastern District of Virginia. That warrant allowed investigators to implement a "Network Investigative Technique" ("NIT") that surreptitiously transmitted a computer code to users of the website, who had taken steps to remain anonymous. That code then generated communications from the users' computers that revealed the users'

IP addresses and other identifying information to the government. Once the government acquired the identifying information, law enforcement agents then obtained specific search warrants for the users' computers.

Using the NIT, the government determined that a user named "Ahmed," from a computer at Hughes's residence in Texas, had logged onto the website for 41 hours, made a post, and accessed child pornographic images. Investigators obtained a search warrant for this computer and then arrested Hughes, who admitted that he was "Ahmed". Hughes was subsequently indicted for receipt of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(B) and 2252A(b)(1); access with intent to view child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2); and possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2). (Dkt. 16). On March 22, 2016, Hughes entered a guilty plea on all counts, without a plea agreement.

Two months later, however, Hughes filed this motion to withdraw his plea. Hughes now argues that, after he entered his guilty plea in this Court, a district court in Massachusetts and another in Oklahoma granted motions to suppress in other, similar prosecutions arising from the use of the NIT. Those courts found that the Virginia magistrate judge's warrant exceeded the magistrate judge's authority under Federal Rule of Criminal Procedure 41.[1] Hughes now requests that this Court allow him to withdraw his guilty plea so he may make a similar motion to suppress the evidence against him.

---

[1] *See United States v. Levin*, Criminal Action No. 15-10271, 2016 WL 2596010 (D. Mass. May 5, 2016); *United States v. Arterbury*, No. 15-CR-182, ECF No. 47 (N.D. Okla. Apr. 25, 2016) (adopting the report and recommendation of magistrate judge, ECF No. 42).

## II.     THE STANDARD GOVERNING MOTIONS TO WITHDRAW

After a defendant has pled guilty, he may withdraw his plea before sentencing if "[he] can show a fair and just reason for requesting the withdrawal." FED. R. CRIM. P. 11(d)(2)(B). A district court has "broad discretion" in determining whether to allow the defendant to withdraw a plea. *United States v. Carr*, 740 F.2d 339, 344 (5th Cir. 1984) (quoting *United States v. Morrow*, 537 F.2d 120, 146 (5th Cir. 1976)). "There is no absolute right to withdraw a guilty plea," *United States v. McElhaney*, 469 F.3d 382, 385 (5th Cir. 2006), and "the defendant has the burden of proving the withdrawal is justified," *Carr*, 740 F.2d at 344.

In *Carr*, the Fifth Circuit set out several non-exhaustive factors for courts to consider when determining whether to allow a defendant to withdraw his plea: (1) whether or not the defendant has asserted his innocence; (2) whether or not the government would suffer prejudice if the withdrawal motion were granted; (3) whether or not the defendant has delayed in filing his withdrawal motion; (4) whether or not the withdrawal would substantially inconvenience the court; (5) whether or not close assistance of counsel was available; (6) whether or not the original plea was knowing and voluntary; and (7) whether or not the withdrawal would waste judicial resources. *Carr*, 740 F.2d at 343–44. Additionally, as applicable, the court should also consider "the reason why defenses advanced later were not proffered at the time of the original pleading, or the reasons why a defendant delayed in making his withdrawal motion." *Id*. When applying these factors, the court should consider the totality of the circumstances. *United States v. Lampazianie*, 251 F.3d 519, 523–24 (5th Cir. 2001). The court is not

required to make a finding as to each individual factor, and no single factor is dispositive. *Id*.

### III. THE *CARR* FACTORS

Essentially, Hughes now contends that a "dramatic shift in the legal landscape" took place in the weeks after he entered his guilty plea in this Court. He acknowledges that, at the time he entered his plea, "there was no controlling authority in the Fifth Circuit or the United States Supreme Court that would indicate the suppression was the appropriate remedy."[2] He nonetheless points to the Massachusetts and Oklahoma cases as indicators that district courts are "beginning to" suppress evidence in similar prosecutions, based upon the alleged invalidity of the NIT warrant signed by the Virginia magistrate judge. He thus contends that, under *Carr*, it would be unjust for this Court to decline to allow him to withdraw his plea so that he can then move to suppress all of the evidence obtained through the use of the NIT warrant.

Hughes first argues that he should be allowed to withdraw his plea because he is "legally innocent," meaning he contends that a Constitutional violation has rendered all of the key evidence against him inadmissible. Hughes does not claim that he is "factually innocent," *i.e.*, he does not contend that he did not commit the crimes to which he pled

---

[2] This is an understatement. In truth, not only was there a lack of "controlling authority" supporting suppression at the time Hughes entered his plea, the majority of courts addressing the issue had ruled *against* suppression. See *United States v. Epich*, No. 15–CR–163, 2016 WL 953269 (E.D. Wis. Mar. 14, 2016); *United States v. Stamper*, No. 1:15-CR-109, ECF No. 48 (S.D. Ohio Feb. 19, 2016); *United States v. Michaud*, No. 3:15–CR–05351, 2016 WL 337263 (W.D. Wash. Jan. 28, 2016). Since Hughes filed this motion to withdraw his plea, the number of courts rejecting suppression has continued to increase. See *United States v. Werdene*, No. 2:15-CR-00434, ECF No. 33 (E.D. Pa. May 18, 2016); *United States v. Matish*, Criminal Action No. 4:16-CR-16, 2016 WL 3545776 (E.D. Va. June 23, 2016).

guilty. *See Johnson v. Hargett*, 978 F.2d 855, 859–60 (5th Cir. 1992) (discussing the difference between legal and factual innocence in the context of federal habeas). However, an assertion of legal innocence is not sufficient to warrant withdrawal of a guilty plea. *United States v. McLean*, 419 Fed. App'x 473, 475 (5th Cir. 2011) ("McLean has never asserted his factual innocence, and an assertion of legal innocence is not sufficient to warrant withdrawal of a guilty plea."); *see also United States v. Washington*, 394 Fed. App'x 155, 156 (5th Cir. 2010). "Otherwise, the mere assertion of legal innocence would always be a sufficient condition for withdrawal, and withdrawal would effectively be an automatic right." *Carr*, 740 F.2d at 344.

Next, Hughes contends that the timing of his plea and this motion supports findings that he has not delayed in seeking to withdraw his plea, the government would not be prejudiced if the Court allowed him to withdraw it, and that withdrawal would not substantially inconvenience the Court. By the same token, he contends that withdrawal of his plea would not waste judicial resources. However, the Court notes that the Fifth Circuit's opinion in *Carr* held that a district court did not abuse its discretion in denying the defendant's motion to withdraw his guilty plea when the defendant waited 22 days to request withdrawal of the plea and only did so three days before his sentencing. 740 F.2d at 345; *see also United States v. Thomas*, 13 F.3d 151, 153 (5th Cir. 1994) ("[T]he six-week delay between entry of the plea and the motion to withdraw is significant[.]").

However, the main force of Hughes' argument is that his plea was not "knowing and voluntary" because he and his legal counsel could not have foreseen the fortuitous result obtained in the Massachusetts and Oklahoma cases. Because a guilty plea involves

the waiver of constitutional rights, it must be "knowing and voluntary." *See, e.g., Boykin v. Alabama*, 395 U.S. 238, 242-44, 23 L. Ed. 2d 274, 89 S. Ct. 1709 (1969). Federal Rule of Criminal Procedure 11 ensures that a guilty plea is "knowing and voluntary" by requiring the district court to follow certain procedures before accepting such a plea—a district court must "inform the defendant of, and determine that the defendant understands ... the right to plead not guilty." FED. R. CRIM. P. 11(b)(1)(B). The district court must also then "determine that the plea is voluntary." FED. R. CRIM. P. 11(b)(2). To satisfy this obligation, the district court must conduct a colloquy and determine that "the defendant understands what he is admitting and what the consequences of that admission may be, as well as that what he is admitting constitutes the crime charged, and that his admission is voluntarily made." *United States v. Rodriguez–DeMaya*, 674 F.2d 1122, 1125–26 (5th Cir. 1982) (quoting *United States v. Dayton*, 604 F.2d 931, 943 (5th Cir. 1979) (en banc)).

However, the transcript reflects, Hughes was thoroughly apprised of exactly what he was admitting to and what his guilty plea meant. Before he entered his plea, Hughes—a former pediatric oncologist—stated that he understood the charges against him; understood the elements of the offenses; had discussed the charges in detail with his attorney; and that he had in fact committed the offenses charged. Hughes has not identified any deviation from Federal Rule of Criminal Procedure 11. *See Boykin v. Alabama,* 395 U.S. 238, 244, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969); *see also United States v. Urias-Marrufo,* 744 F.3d 361, 366 (5th Cir. 2014) (noting that a plea is knowing

and voluntary when the defendant has a full understanding of what the plea connotes and of its consequences).

Next, Hughes points this Court to the Ninth Circuit's decision in *United States v. Ortega-Ascanio*, 376 F.3d 879 (9th Cir. 2004), contending that an "intervening change in law" should result in a finding that it would be "fair and just" for him to withdraw his plea in this case. However, the law of the Ninth Circuit does not support Hughes's argument. In fact, the Ninth Circuit has held that "a change in the law does not make a plea involuntary and unknowing." *United States v. Cardenas*, 405 F.3d 1046, 1048 (9th Cir. 2005) (citation omitted); *see also United States v. Cortez–Arias*, 425 F.3d 547, 548 (9th Cir. 2005) (stating that "a favorable change in the law does not entitle a defendant to renege on a knowing and voluntary guilty plea").[3] And, more to the point, neither does the law of the Fifth Circuit. *See, e.g., United States v. Castro*, 73 Fed. App'x 79, 2003 WL 21756507 (5th Cir. 2003) (per curiam) (holding that district court did not abuse discretion in denying motion to withdraw guilty plea where defendant contended "an intervening district court decision . . rendered his claim of unlawful search and seizure more viable").

Instead, when courts in this Circuit have allowed defendants to withdraw guilty pleas based upon intervening changes in the law, those intervening changes have "modif[ied] the substantive criminal law defining the offense." *United States v. Andrade*,

---

[3] Further, the Ninth Circuit has clarified that nonbinding precedent is not "a change in law"— "[a] development in non-binding authority such as a district court decision in another circuit is not a change in the law . . . and therefore does not constitute 'intervening circumstances' satisfying a defendant's burden under Rule 11(d)(2)(B)." *United States v. Ensminger*, 567 F.3d 587, 592 (9th Cir. 2009) (emphasis added).

83 F.3d 729, 731 (5th Cir. 1996). In other words, such modifications have decriminalized a defendant's alleged conduct. *See, e.g., United States v. Knowles*, 29 F.3d 947, 952 (5th Cir. 1994); *United States v. King*, 58 Fed. App'x 597 (5th Cir. 2003). In contrast, the Fifth Circuit has found that a defendant's contention that he suffered an alleged deprivation of Constitutional rights prior to the entry of a guilty plea may be waived by that plea. *E.g., Andrade*, 83 F.3d at 731; *United States v. Smallwood*, 920 F.2d 1231, 1240 (5th Cir. 1991); *Castro*, 73 Fed. App'x at 79 ("[t]he protection against illegal searches and seizures is a nonjurisdictional defect that is waived by the entry of an unconditional, knowing and voluntary guilty plea."); *United States v. Cothran*, 302 F.3d 279, 285–86 & n. 6 (5th Cir. 2002).

Hughes candidly admits that he made a conscious choice not to file a motion to suppress before he entered his plea because, in light of existing case law, he did not "reasonably anticipate" the rulings from the Massachusetts and Oklahoma district courts. Thus, at the time he entered his plea, he did not believe that a motion to suppress would be viable in this Court.[4] But nothing actually prevented Hughes from making such a motion at that time. Instead, Hughes and his counsel reviewed opinions from other district courts that had considered and rejected similar motions to suppress, and they decided not to make that argument.[5] Hughes has not cited, nor has the Court found, any case law to support the proposition that, under these circumstances, a defendant should be

---

[4] Dkt. 44 at 12.

[5] By choosing to plead guilty without first filing a motion to suppress, Hughes accepted the risk that other district courts in future might be receptive to a challenge to the warrant. Hughes' arguments to contrary conveniently overlook the fact that, faced with the same risk, defendants in similar prosecutions made a different choice.

allowed to withdraw a guilty plea in order to present arguments that he was clearly aware of at the time that the plea was entered.

Finally, the Court finds that the remaining *Carr* factors, in light of the totality of the circumstance, do not support Hughes' motion. Hughes entered a knowing, voluntary plea while he was assisted by able and competent legal counsel. The plain fact is that Hughes chose not to advance a legal argument that, at the time of his plea, had been statistically unsuccessful. Now buoyed by the hope that other courts, including this one, might follow the lead of the Massachusetts and Oklahoma judges to whom he points, Hughes has changed his mind.

These circumstances do not merit the withdrawal of the guilty plea in this prosecution.

## IV.    CONCLUSION

The Court finds that Hughes has not established a "fair and just" reason for this Court to allow the withdrawal of his guilty plea. Accordingly, based on the foregoing, the Court **DENIES** Hughes's motion to withdraw his guilty plea (Dkt. 44).

The Clerk shall provide a copy of this order to the parties.

SIGNED at Galveston, Texas, this 30th day of August, 2016.

*George C. Hanks Jr.*
George C. Hanks Jr.
United States District Judge